IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FREDERICK SILVER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-34-K-BN |
| | § | |
| RAUSCH STRUM ISRAEL ENERSON | § | |
| & HORNICK LLP, ET AL., | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER TRANSFERRING CASE**

Plaintiff Frederick Silver, who states that he is domicile in San Antonio, Texas, filed this *pro se* action under the Fair Debt Collections Practices Act ("FDCPA") and related laws against a Wisconsin limited liability company and two individual officers of that LLC, both resident in Wisconsin. *See* Dkt. No. 3. His action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

This suit is based on Silver's allegation that the LLC contacted him throughout 2019, both through the mail and over the telephone, to attempt to collect a debt, in violation of the laws Silver cites. *See* Dkt. No. 3, ¶¶ 18-25. While Silver states that he is domiciled in San Antonio, raising the plausible inference that the LLC contacted him there, it appears that Silver filed this action in this district because he obtained information that the LLC has a registered agent in Dallas. *See id.*, ¶ 2. And a review of the complaint reflects that to be the only connection between this suit and this

district. *See generally id.*

> The FDCPA contains a venue provision applicable to suits brought by debt collectors against consumers but contains no specific venue provisions for suits brought by consumers against debt collectors. Venue in this case is therefore determined by the general venue statue. 28 U.S.C. § 1391. Section 1391(b) states:
> A civil action may brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.
> 28 U.S.C. § 1391(b)(1)-(3).

*Kirkpatrick v. ARM WNY LLC*, No. 3:15-cv-1818-L, 2015 WL 3539604, at *2 (N.D. Tex. June 5, 2015).

The Court may transfer a case to any proper judicial district or division "for the convenience of parties and witnesses, in the interest of justice," 28 U.S.C. § 1404(a); *see also Hardwick v. Brinson*, 523 F.2d 798, 800 n.2 (5th Cir. 1975), or may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought," 28 U.S.C. § 1406(a). A district court may raise the issue of venue *sua sponte*, *see Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989), and "may *sua sponte* transfer a case when the transferee venue is clearly more convenient than the venue chosen by the plaintiff," *Domain Prot., LLC v. Sea Wasp, LLC*, No. 3:18-cv-1578-K, 2018 WL 5809298, at *6 (N.D. Tex. Nov. 6, 2018) (citing *Kirkpatrick*, 2015 WL 3539604, at *1-*2; collecting cases; and noting that "[t]he plaintiff's choice of venue is

not a factor in this analysis, but it does contribute to the showing that the transferee venue is clearly more convenient than the transferor venue" (citation omitted)).

Here, under Section 1391(b)(2), venue is proper and more convenient in San Antonio, where the acts or omissions that Silver alleges give rise to his claims (including under the FDCPA) occurred. *See, e.g., Kirkpatrick*, 2015 WL 3539604, at *2 ("On balance, most of the section 1404(a) factors are neutral as between the Dallas and Fort Worth Divisions, but none of the factors favor maintaining this newly filed case in the Dallas Division. Plaintiff has not alleged any facts suggesting that any of the events, much less a substantial part of such events, giving rise to his FDCPA claim against Defendants occurred in the Dallas Division. Plaintiff instead alleges that the conduct giving rise to this action occurred in Fort Worth, where he resides or resided at the time. As a result, the court concludes that the Fort Worth Division would be more, not less, convenient for him." (citation omitted))[1]; *cf. Salihu v. Mary Jane M. Elliott, PC*, No. 1:16-cv-1094-RP, 2017 WL 8182828, at *4 (W.D. Tex. Sept. 27, 2017) (concluding that an FDCPA plaintiff "ought to be able to litigate [such claims] in the venue where he works and resides" (citations omitted)).

---

[1] *See also Deblanco v. Persolve, LLC*, No. 12-CV-2725-H-DHB, 2013 WL 12108659, at *2 (S.D. Cal. Feb. 27, 2013) ("In FDCPA cases, the location where the offending communication is received constitutes a substantial part of the events giving rise to the claim for purposes of the general venue statute. *See Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (concluding that receipt of a collection notice is a substantial part of the events giving rise to an FDCPA claim for purposes of the general venue statute); *Maloon v. Schwartz*, 399 F. Supp. 2d 1108, 1114 (D. Haw. 2005) ('[T]he majority of FDCPA cases have held that the plaintiff's claim arises in the district in which the plaintiff received the offending communication or debt collection letter.').").

Accordingly, under the undersigned's authority granted by Rule 2(a)(3) of the Court's Miscellaneous Order No. 6, this action will be transferred to the San Antonio Division of the Western District of Texas on **January 31, 2020** to allow any party to file an objection to Judge Kinkeade within 14 days after being served with a copy of this order. *See* FED. R. CIV. P. 72(a).

If an objection is filed, the order of transfer is stayed pending further order of the Court.

SO ORDERED.

DATED: January 9, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE